# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2089

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Rosaura Amparo Jaramillo-Martinez, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 14, 2009
Filed: January 22, 2009

_____

Before BYE and GRUENDER, Circuit Judges, and KAYS,[1] District Judge.

_____

PER CURIAM.

Rosaura Amparo Jaramillo-Martinez pleaded guilty to conspiracy to transport stolen property interstate, 18 U.S.C. § 2314 (Count I), interstate transportation of stolen property, 18 U.S.C. § 2314 (Count II), and unlawful re-entry after deportation, 8 U.S.C. § 1326(a) (Count III). At sentencing, the district court[2] imposed a six-level enhancement under U.S. Sentencing Guidelines § 2B1.1(b)(2), finding the offense

_____

[1]The Honorable David G. Kays, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

involved 250 or more victims.  The court imposed concurrent 57-month sentences on Counts I and II, and a 24-month concurrent sentence on Count III.  In <u>United States v. Icaza</u>, 492 F.3d 967, 971 (8th Cir. 2007), we vacated Jaramillo-Martinez's sentences and remanded after determining the district court erred in applying the § 2B1.1(b)(2) enhancement.  At resentencing, the district court concluded the applicable Guidelines sentencing range, without the six-level enhancement, was 30 to 37 months.  It then varied upward and imposed identical 57- and 24-month sentences.  On appeal, Jamarillo-Martinez argues the district court failed to offer adequate justification for varying from the Guidelines sentencing range.  We affirm.

In <u>Gall v. United States</u>, 552 U.S. ___, 128 S. Ct. 586 (2007), the Supreme Court set forth the applicable sentencing methodology.  The district court calculates the advisory Guidelines range and, after hearing from the parties, considers the 18 U.S.C. § 3553(a) factors to determine an appropriate sentence.  128 S. Ct. at 597.  The district court may not assume the Guidelines range is reasonable, but instead "must make an individualized assessment based on the facts presented."  <u>Id.</u>  If the court determines a sentence outside of the Guidelines is called for, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  <u>Id.</u>  The sentence chosen should be adequately explained so as "to allow for meaningful appellate review and to promote the perception of fair sentencing."  <u>Id.</u>

We review the district court's sentence for an abuse of discretion, giving due deference to its decision.  <u>Id.</u>; <u>Rita v. United States</u>, ___ U.S. ___, 127 S. Ct. 2456, 2465 (2007).  First, we ensure the district court did not commit a significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentence. <u>Gall</u>, 128 S. Ct. at 597.  If the decision is procedurally sound, we consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard. <u>Id.</u>

We will not presume a sentence outside of the Guidelines is unreasonable, and reversal is not warranted simply because a different sentence was also appropriate. Id. at 597-98.

Jaramillo-Martinez contends the district court failed to offer sufficient justification for imposing a sentence outside the advisory Guidelines range. She argues the 57-month sentences are an upward variance of ninety percent from the applicable Guidelines range, and "an extraordinary upward variance [must] be supported by extraordinary circumstances." United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005).

The Supreme Court has explicitly rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Gall, 128 S. Ct. at 598. Additionally, the Court rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Id. Accordingly, we no longer review sentences applying the "extraordinary circumstances" methodology.

In its consideration of the § 3553(a) factors, the district court noted the conspiracy was sophisticated, involved long-term planning, and exceeded the scope of most conspiracies it encountered. The court further noted the victim was victimized hundreds of times. Finally, the court noted the sentence reflected the seriousness of the offenses, the need to promote respect for the law, and provided adequate punishment and deterrence. After careful consideration, we are satisfied the sentence was not an abuse of discretion.

The decision of the district court is affirmed.

_____